By the Court.
.This suit is founded on a penal bill for the payment of seventy-five pounds, in good trade, at cash price, when demanded, after the twenty-fifth day of December next succeeding the date thereof.
The first error assigned, is, that there is no allegation in the declaration that a demand was made of the amount of the sum which the defendant was to discharge in good trade, on demand, at the defendant’s place of residence.
The principle established by the court in the case of Chambers vs. Winn,* is thought strictly applicable to this case ; and independent of the influence of that case as a precedent established, the decision itself appears to be founded on good reason, consonant to justice, and intrinsically correct.
The first inquiry then is, whether after issue joined upon the plea of tender and verdict, the want of the averment is aided by the statutes of jeofails ?
Secondly, whether such an averment as is contained in the plaintiff’s declaration, is cured by the verdict?
As to the first of these points, though the court are disposed to give a liberal and efficient construction to the statutes of jeofails (a), yet from all the authorities in the English books, the decisions of the court of appeals in Virginia in similar cases, and a sound construction of the statutes themselves, we are of opinion that they cannot be extended to embrace a case where there appears to be any thing wanting which is essential to the very gist of the action ; a matter omitted of such substance that without it the plaintiff can have no cause of action, in as much as it has always been deemed indispensable that the plaintiff’s declaration should contain such statements as shew hiip entitled to a recovery. And such palpable defects or omissions in points of substance, have *80 never been adjudged to be aided by any statutes o'f jeofails whatever.
As to the second point, the declaration in this case states a demand made at the county ; and it has been contended, that after verdict it must be presumed that the demand was proved to be made at the defendant’s place of residence. But it being a rule that the allegation and proof should correspond ; the plaintiff not being bound to prove any substantial fact not laid in his declaration ; and there being n« traverse which the defendant could have made to the declaration, that would have brought this fact in issue ; this presumptibn cannot be indulged. It caimot be presumed that a substantial necessary allegation has been supplied by proof in such case. It is a sound rule in law, that if there be no certain affirmation to make the declaration traversable in á point necessary to be stated in it, it is not cured after verdict, because it is a defect in substance. And in thid case the material requisite being, that a demand should have been made at the defendant’s place of residence, nothing less than a positive traversable averment that it was there made, can support the action, as there are no averments in the declaration which would take this out of the general rule.--Judgment reversed.*

(a) Afts of 1796.7, 24, § 28, i Brad. 226 —a£ts of 1799» ch. 28, § 7,p* 58.

 See note at the end of this .cafe.

 CHAMBERS vs. WINN—Decided June 1802. The importance of this cafe, as a precedent, entitles it to a place here.
It was founded on a note, under feál, for the payment of 125 dollars, in a horfe, on demand. The declara tion alleged a fpecial demand at the county of Fayette, judgment was entered belfcw on nil duet, and a writ of inquiry executed. It was affigned for error, that “ there was no legal demandat theufu-&1 refidence of the defendant, of the property payable by the note in the decía-ration.’'
The Opinion of the Court was as fellows This fuit is founded on an obligation for the payment, on demand, of 125 dollars, in property. And *hé firft error affigned, is, the declaiation does not ftate that the property was demanded at the defendant's ufual place ofrefidence.
It is an eftablifhed doélrine (unlefs other wife flipulated), that whenever payment is to be made in money, it ought to be made or tendered by the debtor, to the creditor or his agent, if they can be found in the realm or country where the debt was contracted (a). One reafon for which, amongft others, muft bé that money is eafily carried from one part ofa country to another. But the traníportationof almoft every other kind of commodity, is much more expenfive and difficult 5 fo that, in general, it would be highly intenvenient, both to the debtor and creditor, that the fame doélrine fhculd be extended to fuch contraéis j in as much as the cofts cf tranfportation, to one or both the parties, would, in many inffances, exceed the value of the commodity, and in many infiances be •therwife very oppreffive to one or the otherof them.
Neither can the court find that this doélrine concerning money contraéis^ has been extended by other courts (o contraéis for commc .fries : nor that the queftion has been geneiaily decided on in any way. 1 hereforelt feemsjuft ánf *81 proper in this caufej apd in the generality of other cafes of the kind, that when-efrer the debtor had a known place of refidence within the ftáte, when the con-trait was entered into, thdt application muft there be made for the commodity, and demanded of him. or his agent, if to be found at that pláce $. which is cunfonanr to the decifion of the court of appeals for Virginia* in the cafe of Dandridge vs. Harris, reported 1 Walh. 328.
To this general rule, like almoft all others, there will be mdny ¿Xceptions¿ arifing from fpecial contradi; from the debtor not having a known place of re-ftdence in the ftate, at the time of the contra£l j from afterwards changing his place ofreiidencej or from other fpecial circumílaricés or coniideratiotis which, will vary the equity of the rulé.
. For example, when a contrail is for fuch commodified as by law are fubjefl-ed to be ínfpeéted at a public ware houfe, it may be implied that they are to be received by the purchafer at fome ware-houfe wrier: h e ufually receives them.
Of When the contrail is for commodities to be cbn/umed by the purchafer in a town, or to be exported from thence as merchandife, it may be implied that they are to be delivered there* if from the genera! «udlom of the plate it ought to be expelled.
And it may be neceíury tri add, that when any of them are relied on in at fyit, they ought to be let forth in the declaration, replication, or alignment of breaches, — —-Judgment reveefed.

 Littell vs. Nickels's ad'mrs ante, 66.